**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Shawn Kierstead


     v.                                    Civil No. 05-cv-432-JD


Warden, Northern New Hampshire
Correctional Facility


**O R D E R**


*Pro se* petitioner Shawn Kierstead has filed a petition for a
writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging
the constitutionality of his state court conviction and
confinement (document no. 1).  The petition is before me for
preliminary review.  See Rule 4 of the Rules Governing Section
2254 Proceedings ("Habeas Rules") (requiring initial review to
determine whether the petition is facially valid and may be
served); United States District Court for the District of New
Hampshire Local Rules 4.3(d)(authorizing the magistrate judge to
preliminarily review *pro se* pleadings).

For the reasons stated below, I order Kierstead to amend his
petition.

**Standard of Review**

In reviewing a *pro se* petition, this court must construe the

pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

### Background

Having pled guilty on December 20, 1994 to two counts of aggravated felonious sexual assault and one count of burglary, Kierstead is currently incarcerated at the Northern New Hampshire Correctional Facility ("NCF").  On the sexual assault charges, the New Hampshire Superior Court (Hillsborough County) sentenced him to concurrent three to six year terms.  See State v. Kierstead, 141 N.H. 803, 693 A.2d 410 (1997).  On the burglary charge, the court suspended the consecutive three and one half to seven year sentence, which was conditioned upon Kierstead's good behavior and compliance with the terms of the sentence.  Id.  The court further stated that the suspended sentence may be imposed

after a hearing brought by the State within seven years of
Kierstead's release from incarceration on the sexual assault
charges.  All three sentences prohibited him from contacting the
victim.

<u>Imposition of Six Month Suspended Sentence</u>

On December 7, 1995, Kierstead violated the terms of the
suspended sentence by repeatedly telephoning the victim.  <u>Id</u>. On
May 15, 1996, the superior court imposed six months of the
suspended burglary sentence, thereby increasing his maximum
release date from October 18, 2000 to April 18, 2001.  Kierstead
filed an appeal in May 1996 and, while he has not provided this
court with a copy of the appeal, the New Hampshire Supreme Court
decision reveals that he raised the following claim: whether the
sentencing court erred when it imposed a portion of his suspended
sentence despite the fact that the suspended sentence by its
terms had not yet begun to run.  The New Hampshire Supreme Court
affirmed his sentence on April 29, 1997, holding that a suspended
sentence may be imposed or probation revoked for acts committed
by the defendant after imposition of the sentence but before
commencement of the suspended sentence or probationary term.  <u>Id</u>.

3

Imposition of Three to Six Year Suspended Sentence

Kierstead was released from incarceration on April 18, 2001 and moved to Tyngsborough, Massachusetts.  On July 5, 2003, he was charged by the Tyngsborough Police Department with mayhem, assault and battery, all of which charges he claims were dismisssd.[1]  On September 15, 2003, the superior court imposed three to six years of the suspended burglary sentence on Kierstead for again violating the terms of his suspended sentence.  See State of New Hampshire v. Kierstead, No. 94-S-0533 (N.H. Super. Ct. Hillsborough Cty., So. Dist., April 30, 2004).

Notice of Amended Sentence

On October 9, 2003, the State filed a Motion to Clarify Sentence, requesting the court to impose the balance of Kierstead's suspended sentence, the remainder of which was not more than seven years nor less than three years.  The State added that the NHDOC incorrectly credited Kierstead 182 days for time served from October 18, 2000 to April 18, 2001.  On December 12, 2003, the superior court issued a notice of amended sentence

---

[1]Contrary to Kierstead's assertions, the State has argued that he was convicted on two counts of assault and battery. (State's Obj. to Def.'s Pet. for a Writ of Habeas Corpus at ¶9.)

4

which imposed the balance of Kierstead's original remaining
suspended sentence of three and one half to seven years, after
having deducted the six month previously imposed suspended
sentence.  The court further stated that the 182 days served by
Kierstead on the six month sentence could not be credited as time
served on the three to six year sentence imposed on September 15,
2003.

On January 31, 2004, Kierstead filed a Motion to Vacate
Sentence, alleging that the superior court imposed a sentence
upon him in excess of its powers and in violation of the Double
Jeopardy Clause of the Fifth Amendment and the Due Process Clause
of the Fourteenth Amendment.  Specifically, he alleged that the
sentenced imposed on September 15, 2003 was illegal because the
seven year suspension period began running when the first six
months of the suspended sentence was imposed in 1996.  He claimed
therefore that no part of the suspended sentence could be imposed
after May 15, 2003.  He further alleged that the sentencing court
violated his Fifth and Fourteenth Amendment rights to due process
and to be free from double jeopardy by failing to make clear at
the time of sentencing the exact punishment, the extent to which
the court retained discretion to impose punishment at a later

date and the conditions under which the sentence may be modified.

The superior court denied his motion on April 30, 2004.  The court reasoned that Kierstead's sentence was explicitly subject to imposition from the date it was imposed on December 20, 1994 until seven years after he was released from incarceration on the stand committed sentence.  Kierstead served the maximum sentence under the sexual assault charges and was given a release date of October 18, 2000.[2]  The court further reasoned that the suspended sentence was explicitly subject to imposition until October 18, 2007, and the fact that any part of the suspended sentence was imposed at an earlier date did not in any way modify the clear terms of the sentence.  Kierstead's subsequent appeal to the New Hampshire Supreme Court was denied without opinion on July 16, 2004.  He has not provided this court with a copy of the appeal.

Kierstead filed a petition for a writ of habeas corpus with the New Hampshire Superior Court (Merrimack County).  He filed an amended petition for a writ of habeas corpus with the New Hampshire Superior Court (Coos County) on March 22, 2005 and raised the following claims: (1) imposition of the six month

---

[2]Although he finished serving his sentence on October 18, 2000, he remained incarcerated until April 18, 2001 to serve the six months suspended sentence imposed on May 15, 1996.

suspended sentence violated the provisions of his negotiated plea agreement with the State and the holding under Santobello v. New York, 404 U.S. 257 (1971); and (2) by imposing the six month suspended sentence, the superior court in essence participated in the plea discussions in violation of United States v. Ebel, 299 F.3d 187, 190 (3d Cir. 2002).  The superior court allegedly denied the petition, however, this court has not been provided a copy of that order.

Kierstead subsequently moved for reconsideration and raised the following claims: (1) the State failed to honor its plea agreement when it brought forward six months of his suspended sentence during his incarceration in violation of  Santobello, 404 U.S. 257; (2) trial counsel failed to object to the imposition of the suspended sentence, thereby denying Kierstead effective assistance of counsel; and (3) Kierstead and the State failed to reach an enforceable plea agreement because he was never advised that his suspended sentence could be imposed during his incarceration.  The superior court denied his motion for reconsideration on May 31, 2005.

On June 9, 2005, Kierstead filed a notice of appeal with the New Hampshire Supreme Court in which he alleged that the

prosecution breached the plea agreement entered into between him and the State.  While the appendix to the appeal included a copy of the Motion for Reconsideration filed with the New Hampshire Superior Court, it did not include a copy of the original or amended habeas petition.  The New Hampshire Supreme Court declined the appeal on October 18, 2005.

Kierstead now brings the instant petition for habeas corpus relief, alleging five grounds for habeas corpus relief, as discussed below.

**Discussion**

I.  <u>Custody and Exhaustion</u>

To be eligible for habeas relief, a petitioner must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  <u>See</u> 28 U.S.C. § 2254 (a) & (b).  Kierstead satisfies the custody requirement as he is currently incarcerated at the NCF.  He also satisfies the exhaustion requirement but only as to Ground One of the petition.

"Barring certain exceptional circumstances not present here, a habeas petitioner in state custody may not advance his or her

constitutional claims in a federal forum unless and until the
substance of those claims has been fairly presented to the
state's highest court."  Barresi v. Maloney, 296 F.3d 48, 51 (1st
Cir. 2002).  The exhaustion requirement, codified at 28 U.S.C. §§
2254 (b) & (c), embodies principles of federal-state comity and
is designed to provide state courts with an initial opportunity
to pass upon and correct alleged violations of a prisoner's
federal rights.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845
(1999) ("Because the exhaustion doctrine is designed to give the
state courts a full and fair opportunity to resolve federal
constitutional claims before those claims are presented to the
federal courts, we conclude that state prisoners must . . .
[invoke] one complete round of the State's established appellate
review process."); accord Duncan v. Henry, 513 U.S. 364, 365-66
(1995); Picard v. Connor, 404 U.S. 270, 275-76 (1971).

    "To provide the State with the necessary 'opportunity,' the
prisoner must 'fairly present' his claim in each appropriate
state court (including a state supreme court with powers of
discretionary review), thereby alerting that court to the federal
nature of the claim."  Baldwin v. Reese, 541 U.S. 27, 29 (2004)
(holding that a state prisoner does not "fairly present" a

federal claim to a state court if that court must read beyond a petition, brief or similar document that does not alert it to the presence of a federal claim).  Thus, if Kierstead has failed to adequately present his federal constitutional claims to the New Hampshire Supreme Court, he is precluded from seeking relief in federal court.

II.  Habeas Corpus Claims

Kierstead raises five grounds for federal habeas corpus relief.  Ground One is similar to the claim raised on appeal to the New Hampshire Supreme Court and therefore appears to be exhausted.  The remaining three grounds are either unexhausted and/or noncognizable for purposes of federal habeas review.

A.  Cognizable Claim

1.  Breach of Plea Agreement

In Ground One of the petition, Kierstead alleges that by imposing six months of the suspended sentence while he was incarcerated, the State violated the provisions of the plea agreement and his right to due process under the Fourteenth Amendment.  In support of his claim, he relies upon Santobello, 404 U.S. 257, holding that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it

10

can be said to be part of the inducement or consideration, such promise must be fulfilled."  A claim that the prosecution breached the plea agreement generally is cognizable under federal habeas review.  <u>See</u> <u>Dixon v. Alexander</u>, 741 F.2d 121, 123 (6th Cir. 1984).  The First Circuit has held that "habeas corpus provides an appropriate procedural vehicle for advancing a <u>Santobello</u> claim.  As evidenced by the notice of appeal and appendix thereto, Kierstead has presented the substance of his federal claim to the New Hampshire Supreme Court for review and has cited to supporting federal precedent, including <u>Santobello</u>.  Without commenting on the merits of the claim, I conclude that he has alleged a cognizable claim for purposes of surviving preliminary habeas review.

    B.    <u>Noncognizable Claims</u>

        1.    Lack of Trial Court Jurisdiction

Ground Two alleges that the New Hampshire Superior Court lacked jurisdiction to impose a sentence on Kierstead for acts that occurred outside its jurisdictional borders and where the acts had no effect in New Hampshire, thereby violating his Fourteenth Amendment right to due process.  In support of his claim, Kierstead relies upon <u>Strassheim v. Daily</u>, 221 U.S. 280,

285 (1911), in which a defendant was punished for his
extraterritorial acts based on the court's holding that
prohibited conduct occurring in one state could be punished in
another state.

To the extent Kierstead challenges the jurisdiction of the
trial court, his claim is not cognizable under federal habeas
review.  See United States ex rel. Holliday v. Sheriff of DuPage
Cty., 152 F. Supp. 2d 1004, 1013 (N.D. Ill. 2001) (claim that
trial court lacked subject matter jurisdiction to try, convict or
sentence petitioner not cognizable under federal habeas review).
See also Wilson v. Straub, 185 F. Supp. 2d 766, 771 (E.D. Mich.
2002)(petitioner's claim that trial court lacked jurisdiction to
try him not cognizable on federal habeas review).  "On collateral
review, federal courts cannot review claims that the state court
has disposed of on state law grounds."  Holliday, 152 F. Supp. 2d
at 1004.  Like the petitioner in Holliday, Kierstead's assertion
that the trial court lacked jurisdiction raises an issue of state
law because it questions the interpretation of state statutes
and, therefore, is not cognizable in a federal habeas corpus
petition.  See also Estelle v. McGuire, 502 U.S. 62, 67 (1991)
(quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal

habeas corpus relief does not lie for errors of state law").

      2.   Double Jeopardy

Ground Three alleges that by imposing Kierstead's suspended sentence for acts occurring in Massachusetts, the New Hampshire Superior Court violated his Fifth Amendment right to be free from double jeopardy.  I construe his reference to the Fourteenth Amendment to allege that the protections under the Fifth Amendment Double Jeopardy Clause are made applicable to the states through the Fourteenth Amendment.  See Price v. Vincent, 538 U.S. 634, 636 (2003).

The record reveals that on September 15, 2003, the superior court imposed three to six years of the suspended burglary sentence on Kierstead for again violating the terms of his suspended sentence.  See State of New Hampshire v. Kierstead, No. 94-S-0533 (N.H. Super. Ct. Hillsborough Cty., So. Dist., April 30, 2004).  Revocation of a suspended sentence and imposition of a sentence that originally might have been imposed does not constitute double jeopardy.  See Lynch v. O'Dell, 2006 WL 122475, No. 05-6229, slip op. at *2 (10th Cir. Jan. 18, 2006); accord Stoltz v. Sanders, 242 F.3d 390, (10th Cir. 2000) (unpublished) (citing Gillespie v. Hunter, 159 F.2d 410, 412 (10th Cir. 1947)).

"The Double Jeopardy Clause protects against subsequent criminal prosecution for the same offense after an acquittal has been obtained – the revocation proceeding [of a suspended sentence] . . . simply is not criminal prosecution to which Double Jeopardy protections apply." Lynch, 2006 WL 122475, No. 05-6229, slip op. at *2 (10th Cir. Jan. 18, 2006).  Because Kierstead challenges the revocation of his suspended sentence and the imposition of a sentence that originally could have been imposed, I conclude that he has failed to allege a cognizable double jeopardy claim for purposes of federal habeas review.

       3.   Violation under Fed. R. Civ. P. 11

Ground Five of the petition alleges that by imposing the six month suspended sentence, the sentencing court in essence participated in plea discussions in violation of Ebel, 299 F.3d at 191 (holding that judge's assurance that he would sentence defendant to the low end of a sentencing range if he pled guilty did not violate Rule 11 and was harmless error).  See also Fed. R. Civ. P. Rule 11(e) (prohibiting participation of federal judges in plea discussions).

Although Rule 11 prohibits federal judges from participating in plea bargaining, "this blanket prohibition does not apply to

14

state judges." <u>McMahon v. Hodges</u>, 382 F.3d 284, 298 n.5 (2d Cir. 2004) (citing <u>Miles v. Dorsey</u>, 61 F.3d 1459, 1467 (10th Cir. 1995) (stating that Rule 11 does not apply to state courts and "does not necessarily establish a constitutional prohibition" applicable in state courts (quoting <u>Frank v. Blackburn</u>, 646 F.2d 873, 882 (5th Cir. 1980)).  Because Rule 11 is not binding on the states, a federal court reviewing a state court plea bargain may only set aside a plea agreement that is violative of due process. <u>See</u> <u>Cunningham v. Diesslin</u>, 92 F.3d 1054, 1060 (10th Cir. 1996). To the extent Kierstead alleges a Rule 11 violation arising from his state court criminal proceedings, therefore, his claim is not cognizable under federal habeas review.

     C.    <u>Unexhausted Claims</u>

          1.    Trial Court Participation
                 in Plea Discussions

Construed liberally, Ground Five of the petition further alleges that Kierstead was denied the Fourteenth Amendment right to due process when, by imposing a six month suspended sentence, the trial court essentially participated in plea discussions.

As stated above, a federal court reviewing a state court plea bargain may only set aside a plea agreement that is violative of due process.  <u>See</u> <u>Cunningham</u>, 92 F.3d 1054, 1060

(10th Cir. 1994). In order to comport with due process guarantees, a defendant must voluntarily and intelligently entered a guilty plea. Id. (citing Boykin v. Alabama, 395 U.S. 238, 242 (1969). A federal court may "set aside a state court plea bargain if persuaded that the trial judge's participation denied the defendant due process of law by causing him not to understand the nature of the charges against him or the consequences of a guilty plea, or if the judge's participation coerced the defendant to enter into a plea bargain involuntarily." Damiano v. Gaughan, 592 F. Supp. 1222, 1225 (D. Mass. 1984), aff'd 770 F.2d 1 (1st Cir. 1985).

To the extent Kierstead alleges that the trial court's participation in plea discussions caused him not to understand the consequences of the guilty plea or coerced him to enter into the plea, he has not demonstrated exhaustion. He has failed to provide this court with a copy of a notice of appeal or any related supporting documentation, demonstrating that the claim and federal nature of the claim were actually presented to the New Hampshire Supreme Court. Accordingly, I conclude that the above claim is unexhausted for purposes of federal habeas review.

    2.   Ineffective Assistance of Counsel

Ground Four alleges that Kierstead was denied the Sixth Amendment right to effective assistance of counsel when his trial counsel failed to object on jurisdictional grounds to the imposition of his suspended sentence.  I construe his reference to the Fourteenth Amendment to allege that the guarantee of the Sixth Amendment right to effective assistance of counsel applies to the states as a component of due process under the Fourteenth Amendment.  See <u>Greiner v. Wells</u>, 417 F.3d 305, 318 (2d Cir. 2005) (citing <u>Evitts v. Lucey</u>, 469 U.S. 387, 394 (1985)). Ineffective assistance of counsel, as guaranteed by the Sixth Amendment, clearly is a constitutional ground for habeas relief. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687–88 (1984)(holding that the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel at trial).  As evidenced by the notice of appeal and appendix thereto, Kierstead has not presented the federal nature of his claim to the New Hampshire Supreme Court for review.  In his state court pleadings he has not cited to the Sixth Amendment or federal precedent in support of his claim.  I conclude therefore that he has failed to demonstrate exhaustion of his federal ineffective assistance of

counsel claim.

To demonstrate exhaustion of the above claims, Kierstead must provide the court with copies of any additional motions, petitions, notices of appeal, briefs and orders and/or final judgments issued by the state courts, addressing the above claims.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).  He may need to return to the state courts to fully present the unexhausted claims and the federal nature of each claim before he can make the required amendment to his federal petition.

III. Stay

The Supreme Court has recently decided that a district court should stay a mixed petition containing both exhausted and unexhausted claims if the petitioner "has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [he] engaged in intentionally dilatory litigation tactics.  Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance

while the petitioner exhausts claims in state court); see also Duncan, 533 U.S. at 182–83 (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies). Staying unexhausted claims is "the preferable course in many cases involving 'mixed' petitions – and it may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack." Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").

If Kierstead has not engaged in any state court litigation challenging his incarceration since the New Hampshire Supreme Court denied his appeal on October 18, 2005, the dismissal of this petition may well imperil the timeliness of Ground One, which appears to be exhausted.  Liberally construing the petition, I find that while Kierstead has not at this time made a specific showing of good cause for his failure to exhaust each claim, he has demonstrated a substantial effort to exhaust Ground

One in state court and, as a *pro se* litigant, may not have realized the necessity of raising each ground presented here in the state courts within the limitations period.  See <u>Rhines</u>, 125 S. Ct. at 1536 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner." (internal citation omitted)); <u>see</u> <u>also</u> <u>id.</u> (Souter, J., concurring) (*pro se* habeas petitioners do not come well trained to address tricky exhaustion determinations).  It may also be the case that he has raised some or all of his claims in state court pleadings that have not yet been brought to the attention of this court.

Further, I cannot conclude at this stage of the proceedings that Grounds Four and Five, if true, could not present meritorious challenges to Kierstead's incarceration.  I further find that there is nothing before this court to indicate that he "engaged in intentionally dilatory litigation tactics" either in pursuing his claims in the state courts or in this court. <u>Rhines</u>, 125 S. Ct. at 1535.  Under these circumstances, the proper course of action is to stay this petition pending the exhaustion of Grounds Four and Five and compliance with this

order.

## Conclusion

For reasons stated above, I will allow Kierstead an opportunity to amend his petition to demonstrate exhaustion of Grounds Four and Five and the federal nature of the claims.  To make this showing, he is instructed to provide the court with a copy of his notice(s) of appeal to the New Hampshire Supreme Court and any other relevant state court pleadings, orders or decisions within thirty (30) days.  If Grounds Four and Five have not been exhausted he is ordered to notify the court either (1) that he is withdrawing the claims or (2) that he is proceeding in state court to exhaust the claims.

In the event he chooses to exhaust in state court, he must commence the state court proceedings within thirty (30) days of the date of this order.  I will order the proceedings stayed and the petition (document no. 1) held in abeyance, pending complete exhaustion of state remedies.  The stay will be issued under the following two conditions:

> 1.  Kierstead is ordered to contact this court every 90 days, beginning from the date of entry of this order, and inform the court of the status and pendency of his state court proceedings, if any, and the disposition of any appeal or related matter.

2.   Within 30 days following any ruling and/or notification by the New Hampshire Supreme Court on the claims at issue, and the exhaustion of such claims, Kierstead must notify this court of the ruling and submit all briefs or other pleadings filed in the state court proceedings; he must also file a request with this Court, stating that his state court matter has been disposed of and that he wishes to terminate the stay and have this court further consider his petition.

Failure to comply with either condition may result in dismissal of the petition without prejudice.

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: January 27, 2006

cc:   Shawn Kierstead, *pro se*